JOURNAL ENTRY and OPINION
Appellant-defendant Joan Bennett Frye Jr. appeals the judgment of the Lakewood Municipal Court in favor of appellee-plaintiff prose Madeline Mayer on her small claims action. Appellant-defendant Joan Bennett Frye Jr. assigns the following error for our review:
 THE COURT ERRED AS A MATTER LAW WHEN IT CONCLUDED THAT SIMPLY BY NEGOTIATING A CHECK, THE APPELLANT BECAME LIABLE FOR REPAYMENT TO APPELLEE.
Having reviewed the record and the legal arguments of the parties, we reverse the judgment of the trial court and enter judgment in favor of Joan Bennett-Frye. The apposite facts follow.
On December 22, 1997, appellee Madeline Mayer (Mayer) received a phone call from Jeffrey Butcher. Butcher asked Mayer to loan him five hundred dollars to pay his phone bill. Mayer agreed to loan Butcher the money in the form of a check. Butcher requested Mayer make the loan check payable to appellant Joan Bennett-Frye (Frye).
As requested by Butcher, Mayer made the check payable to Frye. Mayer wrote the word loan in the memorandum portion of the check. Butcher and Frye arrived together at Mayer's home that night to collect the check from Mayer. Frye cashed the check the following day and gave the money to Butcher.
On March 9, 1999, Mayer filed a small claims complaint naming Frye as the sole defendant. In her complaint, Mayer alleged she made a loan to [Frye] to pay a phone bill for a mutual friend. Frye received service of the complaint on March 13, 1999. Neither party attempted to join Butcher as party to the suit.
The cause proceeded to trial before a magistrate on April 14, 1999. Mayer appeared, prose. Frye appeared with counsel. Neither party attempted to subpoena Butcher as a witness. After hearing testimony from both parties, the magistrate entered judgment in favor of Mayer. The magistrate reported the following findings of fact and conclusions of law:
 FINDINGS OF FACT 1. Plaintiff agreed to loan Mr. Jeffrey Butcher $500.00 to help him pay his outstanding phone bill.
 2. Mr. Butcher asked plaintiff to make the check payable to the defendant which plaintiff agreed to do.
 3. On 12/22/97 plaintiff wrote a $500.00 check payable to defendant with an oral agreement by Mr. Butcher to repay the loan within a week.
 4. Defendant testified that on 12/23/9[7] she cashed plaintiff's check and gave the money to Mr. Butcher.
 CONCLUSIONS OF LAW 1. Evidence is undisputed that plaintiff wrote a check payable to defendant in the amount of $500.00 and that defendant cashed the check.
 2. When defendant cashed the check and accepted the money, she became liable to plaintiff for repayment. The Court is confused as to why defendant or plaintiff did not join Mr. Butcher as a defendant or subpoena him as a witness at trial.
 3. When defendant negotiated the check from plaintiff, she became liable to plaintiff for repayment. Defendant remains free to file a complaint against Mr. Butcher to recover the money owed.
 4. The Magistrate recommend [sic] judgment for plaintiff and against defendant in the amount of $500.00 plus interest at the rate of ten percent per annum from the date of judgment, plus court costs.
Frye filed objections to the magistrate's report on May 11, 1999. Frye accepted the magistrate's findings of fact. However, based on those facts, Frye argued the court wrongly concluded that liability for the debt attached to her simply by negotiating the check. Mayer filed a request to disregard Frye's objections. The trial court set a hearing on the objections for April 14, 1999.
On April 14, 1999, the trial court held the hearing as scheduled. Mayer appeared, pro se. Frye's counsel attended the hearing on her behalf. Believing only questions of law remained for the trial court's determination, Frye's counsel did not tell her about the hearing. As a result, Frye failed to attend.
The trial court permitted Mayer to testify at the hearing. Mayer testified that Butcher asked her for the loan to pay his phone bill; that he asked her to write the check in Frye's name; and that he told her the loan would be repaid. Mayer stated her belief that despite what Butcher told her, he actually wanted the loan for Frye. On cross-examination, Mayer admitted she never spoke with Frye regarding the loan or the loan check. Mayer admitted she and Frye never reached any agreement regarding the loan. After hearing Mayer's testimony, the trial court overruled Frye's objections and adopted the magistrate's report. Accordingly, the trial court entered judgment in favor of Mayer and against Frye in the amount of $500 with interest at the rate of 10% per annum from the date of the judgment entry plus court costs.
Frye filed a notice of appeal from the trial court's judgment on August 2, 1999. Frye filed her brief on April 3, 2000. Mayer chose not to file an appellee's brief. Instead, she filed a motion to strike erroneous statements from appellant's brief.
In her motion to strike, Mayer identifies seven erroneous statements of fact in Fyre's brief:
 (A) Sometime before December 22, 1997, Appellee was contacted by Jeffrey Butcher ; (B) an acquaintance with whom Appellee had developed an Internet cyber-relationship; (C) When Appellee informed Butcher that she would write him a check to cover the loan, he told her that there were problems with his checking account; (D) Appellee did not want to give Butcher cash, and she did not want to accompany him to her bank to negotiate a check for him, due to her marital status; (E) Butcher then asked Appellee if she would write the check to Appellant, who was a mutual on-line acquaintance, Appellant had a valad [sic] checking account and therefore was able to negoiate [sic] a check from Appellee intended as a loan to Butcher; (F) Appellee wrote the check to Appellant without discussing the matter in advance with Appellant; and The matter was initially heard by a magistrate, whose findings were as follows: * * * the parties to the loan, Butcher and Appellee, agreed to use the Appellant as a means to complete the transfer of money from Appellee to Butcher, but Appellant was not a party to this agreement.
Because we find Frye's statements substantially reflective of the evidence in the record, we overrule Mayer's motion to strike.
We now consider the merits of Frye's appeal. In her sole assignment of error, Frye argues the trial court erred when it concluded that by cashing a check made payable to her by Mayer, she became liable for the repayment of the loan. Frye argues she did not receive the benefit of the $500; she simply facilitated the transfer of cash between Mayer and Butcher. Additionally, Frye argues she neither asked to borrow, nor agreed to repay, the $500. Frye argues no written or oral agreement existed between herself and Mayer regarding the loan to Butcher; thus she is not liable to Mayer on the loan.
On the other hand, Mayer argues she made the loan to Frye. Mayer contends by cashing the check with the word loan written in memorandum portion, Frye agreed to accept liability for the debt.
Our standard of review regarding a trial court's factual finding is deferred to the trial court on matters of fact. SeeC.F. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279, 280,376 N.E.2d 578, 579; Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273, 1276. Although we are required to give deference, we are duty-bound to review the entire record to determine whether the trial court's factual conclusions are supported by competent, credible evidence.
In reviewing the record here, we conclude that the greater weight of the evidence supported Frye's position that she did not borrow any money from Mayer, and thus owes Mayer no debt. Consequently, we disagree with the trial court's resolution of the conflicting testimony. See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541, reconsideration denied (1997), 79 Ohio St.3d 1451,680 N.E.2d 1023, citing Tibbs v. Florida (1982),457 U.S. 31, 102 S.Ct. 2211, 2220, and State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720-721.
In fact, the evidence is uncontroverted the loan agreement existed between Mayer and Butcher, and Frye was not a party to their agreement. At best, Frye acted as Butcher's agent. The terms of the agreement between Mayer and Butcher called for Mayer to make the loan check payable to Frye. Butcher made no representations to Mayer indicating that Frye would be a party to the loan. Further, Frye made no promises to Mayer in connection with the loan. In fact, Mayer testified she never held any conversations with Frye regarding the loan or the check. Mayer never informed Frye of her intention to hold Frye liable on Butcher's loan. Moreover, by Mayer's own admission, the only promise to repay the loan came from Butcher.
Given this evidence, we conclude Mayer's notation of the word loan in the memorandum portion of the check is insufficient to establish the existence of an agreement by Frye to answer for the debt. The manifest weight of the evidence rests in Frye's favor. Accordingly, we reverse the trial court and enter judgment for Frye. See App.R. 12(C).
Judgment reversed.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and JAMES M. PORTER, J., CONCUR.
 _____________________________ PATRICIA ANN BLACKMON, JUDGE